IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| MARLO BROWN | * | |
|---|---|---|
| v. | * | Civil No. RDB-10-704 |
| UNITED STATES OF AMERICA | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| v. | * | Crim. No. RDB-07-0426 |
| MARLO BROWN | * | |

## MEMORANDUM OPINION

On March 22, 2010, Marlo Brown, a federal prison, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This Court imposed a 151-month sentence on April 10, 2008. The parties' submissions have been reviewed. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, Brown's motion (Paper No. 39) is **DENIED**. This Court grants a hearing on one of Brown's claims.

## BACKGROUND

The Petitioner is Marlo Brown. This case involves Brown's constitutional and non-constitutional challenges to (1) his guilty plea, (2) this Court's sentence, and (3) the denial of his direct appeal by this Court and the U.S. Court of Appeals for the Fourth Circuit.

On September 19, 2007, the Government charged Brown with two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841. Brown's rearraignment was on January 15, 2008. During the proceeding, Brown pleaded guilty to one of the counts. The plea agreement specified that "there is no agreement as to [Brown's] criminal history or

1

criminal history category, and that [Brown's] criminal history could alter his offense level if he is a career offender . . . ." Plea Ag. ¶ 7. The agreement also authorized the Government to "argue for any sentence within the applicable guideline range." *Id.* at ¶ 9. The agreement concludes with a provision indicating that Brown "read this agreement and carefully reviewed every part of it with my attorney." *Id.* at 17.

Brown communicated his understanding of the criminal history and career offender classification provisions during his Rule 11 plea colloquy. Rearr. Tr. 19. He also stated that he understood that he could appeal this Court's finding that he is a career offender if his attorney objected to the finding. Brown said that he understood that the Government would be "free to argue for any sentence within the applicable guideline range." *Id.* at 20. Furthermore, this Court warned Brown that his attorney would not be able to predict his sentence. Brown affirmed his understanding of the warning. *Id.* at 21.

On April 4, 2008, at Brown's sentencing, the Government moved to have the other possession count dismissed, and this Court dismissed the count. During the sentencing hearing, the Government argued that this Court should classify Brown as a career offender, and Brown's attorney objected to the classification. Sent. Tr. 3. After laying out its reasoning, this Court overruled the objection. *Id.* at 13. The Government asked for a sentence of 188 months (15 years), while Brown's lawyer argued for a sentence of 9 years. *Id.* at 18, 35. This Court sentenced Brown to a term of imprisonment for 151 months. This Court entered judgment on April 10, 2008.

On May 1, 2008, Brown filed an untimely, handwritten notice of appeal to the U.S. Court of Appeals for the Fourth Circuit. On October 29, 2008, Brown's appointed counsel filed a motion for leave to appeal, requesting that this Court permit the appeal despite its being

2

untimely. This Court denied the motion on November 4, 2008. On January 16, 2009, Brown then filed a Motion to Compel Appeal via a Writ of Mandamus in the Fourth Circuit. On March 17, 2009, the Fourth Circuit dismissed Brown's appeal as untimely and denied his motion to compel this Court to permit the appeal. Brown then filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

## ANALYSIS

Brown makes a series of constitutional and non-constitutional challenges to (1) his guilty plea, (2) this Court's sentence, and (3) the denial of his right to direct appeal. With one exception, this Court rejects all of his challenges. The exception is that this Court will grant a hearing on the narrow question of whether Brown informed his attorney to automatically file an appeal if this Court sentenced Brown to anything more than a 9-year sentence.

I. Challenges to the Guilty Plea

A. Breach of Government's Obligations Under the Plea Agreement

Brown argues that the Government breached its obligations under the plea agreement when it argued for his classification as a career criminal at his sentencing hearing. In arguing for the career criminal classification and related enhancement, Brown contends that the Government circumvented its obligation under the agreement to request a sentence of 7-9 years. As a result of the career criminal classification, this Court sentenced Brown to 12 years and 7 months.

Brown's argument has no merit. First, the explicit terms of the plea agreement contradict Brown's characterization of the Government's obligations. Brown's plea agreement specifically states that "there is no agreement as to [Brown's] criminal history or criminal history category," and warns that Brown's "criminal history could alter his offense level if he is a career offender . .

3

. ." Plea Ag. ¶ 7. The plea agreement makes clear that the Government had no obligation regarding Brown's classification for sentencing purposes.

Second, during his Rule 11 plea colloquy, Brown explicitly affirmed his understanding of the criminal history and classification provisions of his plea agreement. FED. R. CRIM. P. 11. Brown's statements are generally binding on him. *Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1299 (4th Cir. 1992) (holding that the petitioner's statements under oath are binding unless there is "clear and convincing evidence to the contrary"). During his rearraignment, Brown stated that he understood that there was no agreement as to his criminal history or classification, and that the lack of an agreement could alter his offense level for sentencing purposes. Rearr. Tr. 18-20. He also stated that he understood that the Government would be "free to argue for any sentence within the applicable guideline range." *Id.* at 20. Brown affirmed that he understood that this Court's sentence could be "more severe than [he] and [his] attorney] anticipate" and "different than any estimate" given to him by his attorney. Taken together, Brown's statements indicate that he understood that (1) a career criminal enhancement was a possibility, (2) the Government could argue for a sentence within the applicable range after successfully pursuing an enhancement, and (3) this Court could impose a sentence more severe than any plea agreement recommendation or his attorney's estimate. Brown presents no evidence denying any of his prior statements or indicating that his statements should not be binding.[1]

Finally, the Government adequately performed its obligations. After this Court determined that Brown was a career offender, the applicable guideline range was 188-235

---

[1] Brown claims that he was relying on his attorney's misinformation on the legal effect of the criminal history and career criminal classification provisions. His claim is addressed in Part I-B of this opinion.

months. The Government asked for 188 months, a sentence at the lowest end of the range. Sent. Tr. 18.

The record, therefore, demonstrates that the Government performed its obligations under the plea agreement and that Brown, based on his statements under oath and knowledge of the explicit terms of his plea agreement, knew of the Government's obligations under the plea agreement. *See Fields*, 956 F.2d at 1299. This Court, therefore, rejects Brown's contention and denies his request for a new trial.

### B. Ineffective Assistance of Counsel

Brown alleges that his decision to plead guilty was involuntary and unintelligent because he received ineffective assistance of counsel in violation of his rights under the Sixth Amendment to the U.S. Constitution. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Specifically, Brown argues that his attorney (1) did not advise him that he could or would face a sentence enhancement because of his classification as a career criminal, (2) misinformed him that the plea agreement provisions discussing his criminal history and related classification were nothing more than non-binding formalities, and (3) failed to adequately research the statutory provision governing career criminal enhancement, undermining his capacity to negotiate for a better deal for Brown. Brown completes his argument by alleging that his attorney's assurance that he would receive a 7-9 year sentence corrupted his decision-making process, causing him to accept a plea agreement instead of going to trial. This Court finds that Brown's argument has no merit.

The Supreme Court applies a two-pronged test when assessing whether a petitioner's decision to plead guilty is involuntary or unintelligent due to ineffective assistance of counsel. First, the "performance" prong requires that defense counsel's representation fall below "an

objective standard of reasonableness." *Id.* at 57 (*quoting Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Second, the "prejudice" prong requires that petitioner establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (*quoting Strickland*, 466 U.S. at 694). In the context of a guilty plea, the prejudice prong requires that Brown "show that there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

Brown cannot satisfy the prejudice requirement because this Court cured the prejudicial effect of his attorney's allegedly inaccurate advice during the Rule 11 hearing. In *United States v. Lambey*, the Fourth Circuit held that a Rule 11 hearing cures the misinformation of the defendant's attorney when (a) the court "corrects or clarifies the earlier erroneous information," and (b) the defendant "admits to understanding the court's advice." 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc). If the defendant proclaims to understand the court's clarifying information while under oath, then later courts can rely on the defendant's declarations. *See United States v. Lemaster*, 403 F.2d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court affirming a plea agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.") (internal citations omitted).

Here, this Court's instructions during the Rule 11 hearing and Brown's statements affirming his understanding of those instructions suggests that Brown understood this Court's clarification of his attorney's alleged misinformation regarding his sentencing range. As discussed in Part I-A of this opinion, Brown's statements during his Rule 11 hearing indicate that he knew of and understood the (1) lack of an agreement on his criminal history, (2) potential for

6

classification as a career criminal, (3) impact of such a classification on his sentence, and (4) non-binding nature of the plea agreement's recommendations as to this Court's sentence. Put differently, and applying the presumption that this Court can rely on his statements, Brown knew that he could face a sentence much higher than 7-9 years because of the lack of an agreement about his criminal history and the career criminal enhancement. Brown has not presented clear and convincing evidence that he did not understand the specifics of his plea agreement and the potential for an enhanced sentence. *Fields*, 956 F.2d at 1299. Courts must afford a presumption of accuracy and truth to a defendant's statements during a Rule 11 hearing or risk second guessing everything said during the hearing, undermining the integrity of the Rule 11 process and reopening the door to every plea and sentence. Brown cannot point to evidence establishing that his circumstances warrant ignoring this important policy. Accordingly, this Court finds that there is no reasonable probability that Brown would have gone to trial absent his attorney's alleged misinformation and lack of research into the enhancement issue. This Court clarified the meaning of the plea agreement and Brown communicated his understanding of that meaning, including the related potential for a sentencing enhancement. *See Hooper*, 845 F.2d at 475.

II. Challenges to the Sentence

A. Improper Classification as a Career Criminal

Brown argues that this Court erred when it found that he was a career criminal and imposed an enhanced sentence. He argues that this Court should have more rigorously explored the nature of his prior convictions to more accurately determine whether classification as a career criminal was appropriate. Brown requests a hearing so that he may present evidence to establish that his prior convictions do not satisfy the career criminal classification requirements. This

7

Court holds that it properly classified Brown as a career criminal and denies his request for a hearing.

This Court appropriately deemed Brown a career offender under § 4B1.1 of the United States Sentencing Guidelines. *See* 18 U.S.C. Appx § 4B1.1 ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."). Brown was convicted of distribution of controlled dangerous substance in 1998, second-degree assault in 2002, second-degree assault in 2001, and robbery in 2001. Sent. Tr. 8. His convictions enjoy a "presumption of validity" for sentencing purposes. *Daniels v. United States*, 532 U.S. 374, 382 (2001). This Court correctly determined that Brown was a career offender. Brown was at least 18 years old, the offense was a drug offense, and he had four prior felonies, all of which were drug crimes or crimes of violence. This Court exhaustively reviewed Brown's criminal history and determined that there was "no basis to challenge the career offender classification." Sent. Tr. 13. Thus, this Court will not provide Brown with the opportunity to submit information in a hearing so that he may attempt to "collaterally attack his prior conviction[s] through a motion under § 2255." *Daniels*, 532 U.S. at 382.

### B. Ineffective Assistance of Counsel

Brown asserts that his attorney's failure to argue for specific performance of the plea agreement and conduct research into and present a meaningful argument against the applicability of the career criminal enhancement constitutes ineffective assistance of counsel under the Sixth

Amendment to the U.S. Constitution. This Court holds that his attorney's conduct does not constitute ineffective assistance of counsel.

As discussed in Part I-B of this opinion, the two-part *Strickland* standard governs ineffective assistance claims. *Strickland*, 466 U.S. at 687. First, Brown must demonstrate that his attorney's performance was deficient, falling below an objective standard of reasonableness. *Id.* Second, Brown must demonstrate that his attorney's deficient performance prejudiced his proceeding. *Id.* Brown's attorney enjoys "a strong presumption" that his conduct "falls within the wide range of reasonable professional assistance," and so the burden is on Brown to "overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id.* at 689.

Brown's lawyer did not fall below an objective standard of reasonableness by failing to argue for specific performance of the plea agreement. To Brown, "specific performance" in this context means that his attorney should have demanded that this Court impose a 7-9 year sentence and prevent the Government from arguing for an enhancement. As discussed in Part I-A of this opinion, the plea agreement authorized the Government to argue for the enhancement, and the Government fully complied with its obligations under the plea agreement. Additionally, Brown's lawyer *did* argue for a sentence of 9 years at his sentencing hearing. Sent. Tr. 35. This Court even commended Brown's lawyer during the sentencing hearing for "doing an excellent job for your client" and submitting a "very thorough sentencing memorandum." *Id.* His lawyer's conduct did not, therefore, constitute ineffective assistance of counsel.

As to his second basis for ineffective assistance, Brown is simply mistaken — Brown's lawyer objected to this Court's application of the career offender enhancement. *Id.* at 11. This Court heard his arguments and overruled his objection. *Id.* at 13. Furthermore, in arguing for a

9

lighter sentence, Brown's lawyer discussed mitigating circumstances in each of Brown's four former convictions, demonstrating that he had done background research into each conviction. *Id.* at 24-25. Brown, therefore, did not suffer from ineffective assistance of counsel because his lawyer's conduct did not fall below an objective standard of reasonableness.

III.   Challenges to the Denial of Right to Direct Appeal

Brown claims that this Court and his attorney improperly denied him his right to an appeal. Brown makes three arguments. First, he argues this Court should deem his notice timely because he filed a *pro se* appeal via prison officials. Second, under Rule 4(b)(4) of the Federal Rules of Appellate Procedure, Brown claims that this Court should have exercised its discretion and treated the late, *pro se* notice of appeal as a motion to reopen the docket. Third, his attorney did not file a timely notice of appeal on his behalf even though Brown told him to appeal any sentence above 9 years. Brown requests that this Court re-sentence him, entering a new judgment, and permitting him to file a timely notice of appeal. This Court rejects Brown's first two claims and grants a hearing on the third.

Brown's first argument fails because he has fully litigated it before and re-litigation is not appropriate in a collateral proceeding. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Brown raised his argument about handing his appeal to prison officials twice — both in this Court and before the Fourth Circuit. He raised it in this Court in his Motion for Leave to File Appeal from Sentence, filed on October 29, 2008, and this Court denied the motion. He raised it again in the Fourth Circuit when he filed, on January 16, 2009, a Motion to Compel Appeal via a Writ of Mandamus. The Fourth Circuit denied his motion and dismissed his appeal as untimely on March 17, 2009. Brown has had multiple opportunities to litigate this particular

claim and it has been rejected. A defendant-petitioner challenging his conviction under 28 U.S.C. § 2255 may not "recast, under the guise of collateral attack, questions fully considered" on appeal. *Id.* Accordingly, Brown's *pro se* appeal argument fails.

Brown's second argument, that this Court should have construed his *pro se* notice of appeal as a motion to reopen the docket and permit him to file notice of appeal, fails because he does not state an argument. The decision to extend time to file an appeal is a matter for this Court's discretion. *See United States v. Stewart*, 365 Fed. App'x 459, 460 (4th Cir. 2010). Brown presents no argument to justify why this Court erred in refusing to exercise its discretion.

Brown's third argument, that his attorney failed to file an appeal after he instructed him to do so, cannot be resolved without a hearing. Such conduct may constitute ineffective assistance of counsel, violating the Sixth Amendment to the U.S. Constitution. *See United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007) ("We hold that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement."). The facts before this Court are, however, inconclusive. This Court, therefore, grants a hearing on the narrow question of whether Brown instructed his attorney to file an appeal when this Court imposed a sentence for greater than 9 years.

## CONCLUSION

For these reasons, Brown's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**. A separate Order follows.

A certificate of appealability shall not issue absent "a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253 (c)(2) (2000). Brown can satisfy this standard if he can demonstrate that reasonable jurists would find that an assessment of his constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Brown has not demonstrated that reasonable jurists would find his constitutional claims or this procedural ruling's dismissal debatable. A certificate of appealability is, therefore, **DENIED**.

DATED: March 17, 2011

_____/s/_____
Richard D. Bennett
United States District Judge